UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

MARK FULTZ, Individually,  :
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　:　　Case No.　2:21-cv-00640-DCN
　　　　　　　　　　　　　　　　　:
OLD CITADEL ASSOCIATES, LLC,　:
a South Carolina Limited Liability Company,　:
　　　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　　　:
_____ :

# COMPLAINT

Plaintiff MARK FULTZ, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, OLD CITADEL ASSOCIATES, LLC, a South Carolina Limited Liability Company (sometimes referred to as "Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA").

1.　　Plaintiff, MARK FULTZ, is an individual residing in Margate, FL, in the County of Broward.

2.　　Defendant's property, Embassy Suites Charleston by Hilton Charleston Historic District, is located at 337 Meeting Street, Charleston, South Carolina, 29403 in the County of Charleston.

3.     Venue is properly located in the District of South Carolina because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

5.     Plaintiff Mark Fultz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Fultz suffered a stroke which resulted in paralysis, rendering the right side of his body immobile (acute CVA with right hemiparesis). He ambulates by means of a manual wheelchair and is able to walk short distances with the aid of a cane.

6.     Plaintiff Mark Fultz visits family in the Charleston area several times a year. He loves the area and is seriously thinking of moving there, as evidenced by his working relationship with real estate agent Barbara Walker, of Carolina One Real Estate. His aunt, Judy Wood, resides in Mount Pleasant and his nephew, Michael Wood, resides in Daniel Island.

7.     Mark Fultz visited the subject property on February 7, 2021 through February 8, 2021 to visit his aunt who had recently recovered from the Coronavirus in the previous month. Mr. Fultz has reservations to return to the property on November 22, 2021 through November 23, 2021 to spend Thanksgiving with his family, and to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

8.     Defendant owns, leases, leases to, or operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Embassy Suites by Hilton Charleston Historic District, and is located at 337 Meeting Street, Charleston, South Carolina 29403.

9.  Mark Fultz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mr. Fultz desires to visit the subject hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Embassy Suites by Hilton Charleston Historic District has shown that violations exist. These violations that Plaintiff personally encountered, and which were verified by an ADA expert, include, but are not limited to:

**ADA violations**

a) The hotel is in violation of section 302(e) of the Title III regulations by not identifying and describing sufficient accessible features in the hotel and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether this hotel or guest room meets plaintiff's accessibility needs.

b) The hotel is in violation of section 224.2 by not providing the requisite number of guest rooms with mobility features – eight rooms are required, to include a minimum of two (2) rooms with Rollin showers.

c) The hotel is in violation of secant 224.4 by not providing the requisite number of guest rooms with communication features – fourteen (14) rooms are called for.

d) The hotel is in violation of section 224.5 of the Standards by not dispersing accessible guest rooms among the various classes of guest rooms.

e) The hotel is in violation of section 227 and 904 as to the front registration desk counter and concierge desk being too high.

f) The hotel is in violation of section 216, 703 because they have public restrooms that are not properly signed.

g) The hotel is in violation of section 213, 606 by having public restrooms without proper insulation for sink piping.

h) The hotel is in violation of section 213, 604 by not having the side grab bar in the public restroom properly mounted.

i) The hotel is in violation of section 308 of the Standards by not having the coat hook properly mounted.

j) The hotel is in violation of section 206, 405 by having ramps throughout the hotel with no handrails on either side.

k) The hotel is in violation of section 205, 309 by not having an accessible way to enter the pool area.

l) The hotel is in violation of section 213 at the pool by having a step into the public restroom.

m) The hotel is in violation of section 216, 703 with the pool restroom not having compliant door signage.

n) The hotel is in violation of section 213, 603 by not having any grab bars inside the pool restroom.

o) The hotel is in violation of section 309 by having pool shower controls that were not accessible.

p) The hotel is in violation of section 206 at the fitness room by having a step denying wheelchair access.

<u>Guest room M101</u>

q) The hotel is in violation of section 206 by having hallway rugs that were buckled and causing plaintiff to trip.

r) The hotel is in violation of section 224, 608, 806 by not having an ADA compliant Rollin shower with the water controls on the wrong wall.

s) The hotel is in violation of section 608.4 by not providing a seat in the shower.

t) The hotel is in violation of section 604.5.1 by not providing a compliant side grab bar at the water closet.

u) The hotel is in violation of section 309.4 by having lights that required tight grasping, pinching, and twisting of the wrists to operate.

v) The hotel is in violation of section 309.3 by having curtain pulls outside the compliant reach range.

w) The hotel is in violation of section 309.3 by having selected items within the guest room, i.e., iron, outside the compliant reach range.

x) The hotel is in violation of section 309.3 by having the thermostat outside the compliant reach range.

**Maintenance**

y) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12. All of the foregoing violations are violations of the 2010 Standards for Accessible Design, as well as the 1991 Standards, as promulgated by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. §12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.     Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated:  March 3, 2021

/s/Vanessa A. Richardson
Vanessa Ann Richardson, Esq.
Federal Bar Number 09748
VAR Law Firm, LLC
P.O. Box 80969
Simpsonville, SC  29690
Tel.  (843) 520-6452
varlawfirm@gmail.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
lfuller@fullerfuller.com

*Attorneys for Plaintiff Mark Fultz*